IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK RICHARD KOESTER,           )
                                )
            Plaintiff.          )
                                )
     v.                         )   C.A. No. 17-144 (MN)
                                )
MARION RYAN, et al.,            )
                                )
            Defendants.         )

## MEMORANDUM OPINION

Mark Richard Koester, Sussex Correctional Institution, Georgetown, Delaware. Pro Se Plaintiff.

Marion Ryan, Pro Se Defendant.

Nicholas Robert Wynn, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendant Connections Community Service Group.

November 2, 2018
Wilmington, Delaware

*[signature]*

NOREIKA, U.S. District Judge:

Plaintiff Mark Richard Koester ("Koester"), an inmate at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). He also raises supplemental state claims. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). Before the Court is Connections Community Support Programs, Inc.'s and the unidentified medical staff's (collectively, the "Medical Defendants") motion to dismiss[2] and Plaintiff's request for counsel. (D.I. 15, 25). Plaintiff opposes the motion to dismiss. (D.I. 19).

## I. BACKGROUND

The Court screened the Complaint on May 18, 2017, identified cognizable and non-frivolous clams, and issued a service order. (D.I. 10). Named Defendants include Marion Ryan ("Ryan"), Connections Community Service Group ("Connections"), and unnamed medical providers and nurses from December 2013 through April 2016. (D.I. 1). The Medical Defendants move for dismissal on the grounds that the Complaint: (1) fails to satisfy the pleading requirements of *Twombly* and *Iqbal*; (2) fails to state a claim of deliberate indifferent to serious medical needs; (3) fails to plead that Connections maintained a policy, practice or custom that caused the alleged deliberate indifference to a serious medical need; and (4) Plaintiff failed to submit an affidavit to support the medical negligence claim.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Although the motion is filed by the Medical Defendants, Defendant Marion Ryan is not currently represented by counsel.

1

Connections initially stated that it had no record of an employee or former employee named Marion Ryan. (D.I. 15 at 1). However, after reviewing submissions by Plaintiff and further investigation, Connections determined that Marion Ryan is Louise Marion Ryan. Medical Defendants move for Ryan's dismissal on the grounds that the Complaint fails to state a claim against her and she was not properly served. (D.I. 20).

## II. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198,

2

216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

#### A. Connections

When a plaintiff relies upon a theory of *respondeat superior* to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Connections is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of Connections' employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so

3

likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584 (citations omitted).

"Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict." *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

As noted above, Connections seeks dismissal arguing the Complaint does not meet the requisite pleadings requirements. Connections contends that the Complaint does not allege deliberate indifference to a serious medical need and that Plaintiff's vague allegations are insufficient to plead a policy or practices claim of Eighth Amendment deliberate indifference.

Plaintiff alleges that he submitted numerous sick call slips in 2013 and 2014 complaining of rectal bleeding and painful bowel movements. Plaintiff advised medical personnel of a familial history of colon cancer. Plaintiff was treated for hemorrhoids and was asked why he engaged in anal sex, a practice he denied. Beginning in 2015, Plaintiff requested a colonoscopy "over and over again" because the pain and bleeding became unbearable. (D.I. 1 at 6-7). Plaintiff finally saw an outside physician on April 18, 2016 who performed a colonoscopy, and, on June 27, 2016, another physician diagnosed him with anal cancer. By the time Plaintiff received a PET scan he was diagnosed with stage three cancer. The Complaint alleges that Plaintiff repeatedly sought treatment for rectal bleeding, but treatment was repeatedly delayed or not provided.

4

There is no dispute that Connections is responsible for inmate care at SCI. It is alleged that Plaintiff has a serious medical condition, indeed he has cancer, but despite complaints of rectal bleeding and a familial history of colon cancer, treatment was delayed or denied. Plaintiff is not required to recite the specific text or official policy. He must only place Connections on notice as to its alleged improper conduct and the policy in place that created such conduct.

Liberally construing the allegations, Plaintiff adequately states a claim against Connections. The Complaint pleads facts that Plaintiff did not receive testing and care despite the necessity for it and that Connections seems to have a policy of delaying or denying medical care. While discovery may show that Connections acted properly, at this stage of the litigation, Plaintiff has pled sufficient facts to proceed against Connections. Therefore, the Court will deny the motion to dismiss. (D.I. 15).

### B. Ryan

In their reply brief, Medical Defendants seek dismissal of Ryan and unnamed medical Defendants on the grounds that the Complaint fails to state a claim against them. (D.I. 20). They also move for dismissal of Ryan contending she was not properly served.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom, Taylor v. Barkes*, 135 S.Ct. 2042 (2015). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).

5

As pled, the Complaint lacks sufficient facts to state claims against Ryan and the unnamed Medical Defendants. Therefore, the Court will grant the motion to dismiss the claims against them. Plaintiff, however, has submitted documents that indicate he was seen by Ryan. (D.I. 16). Since it appears plausible that Plaintiff may be able to articulate a claim against Ryan or other individuals, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### C. <u>Medical Negligence</u>

Plaintiff also raises a medical negligence claim. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care; (2) the alleged deviation from that standard; and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each Defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). A review of the record indicates that Plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Therefore, the Court will grant Medical Defendants' motion to dismiss this claim.[3]

---

[3] Under 18 Del. C. § 6856, a plaintiff has two years to bring a medical negligence suit. However, without a proper affidavit, a complaint sounding in medical negligence is insufficient and the statute of limitation will not be tolled. *See Benson v. Mow*, 2014 WL 7007758, at *2 (Del. Super. Dec. 4, 2014) (Complaint, although filed within the proper period, was accompanied by a non-statutorily compliant affidavit of merit and was time-

6

## IV. REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he is incarcerated, is unable to retrieve his medical records, has unsuccessfully sought to retain counsel, is unskilled in the law, and his health issues burden his ability to proceed on his own. (D.I. 25).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

barred as not filed within the statutory period). It is clear from the face of the Complaint, that Plaintiff's medical negligence claims are now time-barred.

[4] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (given that the operative word in the statute is "request," § 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. First, this matter is in the early stages, and Plaintiff will be given leave to amend his claim. Also, to date, he has ably represented himself. Therefore, at this juncture the Court will deny Plaintiff's request for counsel without prejudice to renew. (D.I. 25). Should the need for counsel arise later, one can be sought at that time.

## V. **CONCLUSION**

For the above reasons, the Court will: (1) grant in part and deny Defendant's motion to dismiss (D.I. 15); and (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 25). Plaintiff will be given leave to file an amended complaint and to identify unnamed defendants.

An appropriate order will be entered.